```
                                                        FILED
                                                  U.S. DISTRICT COURT
                                                  DISTRICT OF NEBRASKA
```

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA 12 AUG 28 PM 12: 14

| | | |
|---|---|---|
| JAMES WIDTFELDT, | ) | CASE NO. 8:12CV306 OFFICE OF THE CLERK |
| Plaintiff, | ) | CIVIL ACTION AND |
| v. | ) | COMPLAINT FOR INJUNCTIVE |
| UNITED STATES, | ) | RELIEF UNDER FREEDOM OF |
| INTERNAL REVENUE SERVICE, | ) | INFORMATION ACT – ESTATE |
| ARTHUR WELP, IRS APPEALS AGENT, | ) | AND GIFT SETTLEMENT IN FULL |
| SUCCESSOR IRS AGENT TO ARTHUR WELP, | ) | THROUGH AGENT ARTHUR |
| UNITED STATES TREASURY, | ) | WELP IN 2002, LATER HIDDEN |
| Defendants. | ) | BY IRS |

Comes now James Widtfeldt, and for his complaint, alleges:

1. INJUNCTIVE RELIEF: This is an action under the Freedom of Information Act (hereinafter FOIA), 5 USC §552 et seq for injunctive and other appropriate relief, and release of agency records requested by plaintiff from the Internal Revenue Service, the US Treasury, and their various agents.
2. JURISDICTION AND VENUE: This Court has both subject matter jurisdiction over this action, and personal jurisdiction over the parties pursuant to 5 USC§552(a)(4)(B) and other statutes. Venue lies in this district under 5 USC §552 (a) (4) (B), and other statutes.

## PARTIES

3. PARTY PLAINTIFF: Plaintiff James Widtfeldt is a resident of the State of Nebraska, and is within the jurisdiction of this Court.
4. DEFENDANT UNITED STATES: The United States maintains several tax courts through the US Tax Court, one of which, presided over by Judge Diane Kroupa, appeared in Omaha on April 26, 2011, and entered orders denying various Widtfeldt motions without allowing the plaintiff Widtfeldt to file or anyone to file the motions and the said US Tax Court refused to receive the Widtfeldt motions, or anything else in evidence, resulting in a need to supplement the record, which Judge Diane Kroupa, and now the US Court of Appeals in the 8th Circuit, have all refused to do, but the

Page 1

Widtfeldt motions that were denied greatly and unfairly conceal a previous settlement, and alter, by their denial, the meaning of the Kroupa orders, and those motions must be revealed to the defendants herein, and the United States and the various IRS agents must be compelled to reveal various documents and activities of its various agents and those of its sub agents.

5. DEFENDANT UNITED STATES: The United States is wrongfully suing James Widtfeldt for inheritance, federal estate, death, gift and other tax, although James Widtfeldt through appeals agent Arthur Welp of the IRS fully settled and overpaid in 1998-2002 for the death of both Albert Widtfeldt, and that prepaid for Gusteva Widtfeldt, for the reason that Gusteva Widtfeldt due to advanced osteoporosis, faced seemingly imminent death preventing any further earning capacity, fell on or about October 26, 1998, suffered by reason of osteoporosis and possible Lyme disease, two or more broken leg bones, and the surgery thereafter by Dr. Albers was rated as 50 percent survival risk, and for other and continuing osteoporosis risks, Gusteva's life expectancy was short enough that the IRS was willing in 1998 to compute the entire death tax for both Albert Widtfeldt and Gusteva Widtfeldt, though Gusteva actually lived to February 8, 2006, and Gusteva consumed in full any remainder of both her and Albert Widtfeldt estates, so that in fact, no death tax was ever owed for either Albert or Gusteva Widtfeldt. In fact, the estate of both Albert and Gusteva Widtfeldt was fully expended as determined by Appeals Agent Welp of the IRS, probably by 2002, but in any event as soon as 2004, with the result that no estate whatever remained to be taxed and that James Widtfeldt was entitled to a full refund, excepting only waiver of sovereignty by the US, Treasury, and IRS, which subsequently occurred in 2010 when the IRS through various agents including James Donelson and others sought do and did re-open the estates of Albert and Gusteva Widtfeldt. Arthur Welp, appeals IRS agent, determined that James Widtfeldt was purchasing all assets of Albert and Gusteva Widtfeldt since 1978, and returned to Nebraska to help the family business in 1978 as a result of extremely poor health of Albert and Gusteva Widtfeldt preventing their operation in most particulars, of any business, so that James Widtfeldt provided adequate consideration and actually purchased in full, all assets which were used as collateral in a series of loans from 1978 through 2004 with Albert and Gusteva Widtfeldt as lenders and James Widtfeldt as borrower.

6. DEFENDANT ARTHUR WELP, APPEALS AGENT OF THE IRS, AND HIS SUCCESSOR: Arthur Welp agreed in 2002 to leave a paper trail of his conclusions and decisions in 2002 concluding that James Widtfeldt was in fact purchasing with loans from Albert and Gusteva Widtfeldt, in a series of transactions initiated by James Widtfeldt beginning about 1978 upon the graduation of James Widtfeldt from College. The IRS has concealed those Arthur Welp papers to wrongly attempt to collect other and further taxes, and to cheat James Widtfeldt, and has failed, refused and neglected to appoint any further IRS agent as successor to Welp, to further conceal the determination by Appeals Agent Welp that the taxes were all paid in full.

7. DEFENDANT INTERNAL REVENUE SERVICE: The defendant Internal Revenue Service, also known as US Treasury, hereinafter IRS, is wrongly attempting to conceal the Arthur Welp Appeals Agent settlement in 2002 whereby James Widtfeldt was determined by Arthur Welp and all the hierarchy of the IRS, to be purchasing in full all assets appearing to be owned by Albert or Gusteva Widtfeldt, with the deeds involved were only security in the collateral for Albert and Gusteva Widtfeldt Loans, so that no inheritance or gift or estate tax was due, and that paid should be refunded to James Widtfeldt, plus interest, penalties and damages for opportunities lost by James Widtfeldt through the wrongful assessments. The Internal Revenue Service is wrongly attempting to sabotage James Widtfeldt's business by claiming that loans from Albert and Gusteva Widtfeldt are actually ownership, contrary to the decision of Arthur Welp and the entire IRS in 2002, when great amounts of evidence was presented showing convincingly that the property was only owned by James Widtfeldt, at least since 1978. The 2002 settlement enabled James Widtfeldt to own the property, and undertake business opportunities, which would have been prevented by IRS claims of taxes in 2002, so that the IRS was deceiving James Widtfeldt as a means of trying to wrongfully profit from James Widtfeldt investment and management abilities by belatedly trying to claim inheritance after previously determining that no inheritance or gift existed.

Wherefore, James Widtfeldt prays for an order requiring the Internal Revenue Service and its agents or former agents, particularly including Appeals Agent Welp (see attached letters generated by Arthur Welp during the time in

question), and the United States and the Treasury Department, and any other agents who might have been made aware of Welp's conclusions from 2002, to produce all records of the 1998-2002 final settlement, and also ordering the IRS to appoint a successor to Appeals Agent Arthur Welp, since mail directed to Arthur Welp's address, and telephone calls to his old number, result in occasional messages that Appeals Agent Arthur Welp retired and no successor was ever appointed -- probably as a way to confine the old Arthur Welp records to the oblivion of a file cabinet in Welp's old office.

James Widtfeldt

_____ August 24, 2012

PO Box 877

Atkinson, Nebraska 68713

402-925-2535 or 402-336-2796 (call first to send a fax)

Email techtute@yahoo.com



**Internal Revenue Service**
Appeals Office – Stop 8000
210 Walnut Street, Room 443
Des Moines, IA  50309-2109

Date:  March 8, 2002

James Widtfeldt
P.O. Box 877
Atkinson, NE 68713

**Department of the Treasury**
 General Appeals
**Person to Contact:**
 Arthur C. Welp
 Employee ID Number: 3-26034
 Tel:   515-284-4811
 Fax:  515-284-4828
**Refer Reply to:**
 AP:GEN:DES:ACW
**In Re:**
 Gusteva E. Widtfeldt
**Tax Period(s) Ended:**
 December 31, 1998

Dear Mr. Widtfeldt:

I am writing to summarize the discussion at our conference yesterday.

My understanding of the facts is that, though there was a transfer of real estate from Trust B of the Albert Widtfeldt Living Trust – in which Geneva Widtfeldt has a life estate – to the James Widtfeldt Trust on April 16, 1998, Geneva Widtfeldt continues to receive the income from the property and it is intended by both her and you that she continue to do so for the rest of her life.

If a corrective deed is filed reflecting that she (or Trust B) retained a life estate in the real estate, I will recommend to my Appeals Team Manager – who has settlement authority in this case - that the Government concede this case.

Sincerely,

Arthur C. Welp
Appeals Officer

**Internal Revenue Service**
Appeals Office – Stop 8000
210 Walnut Street, Room 443
Des Moines, IA 50309-2109

Date: March 8, 2002

James Widtfeldt
P.O. Box 877
Atkinson, NE 68713

**Department of the Treasury**
General Appeals
**Person to Contact:**
Arthur C. Welp
Employee ID Number: 3-26034
Tel: 515-284-4811
Fax: 515-284-4828
**Refer Reply to:**
AP:GEN:DES:ACW
**In Re:**
Gusteva E. Widtfeldt
**Tax Period(s) Ended:**
December 31, 1998

Dear Mr. Widtfeldt:

I am writing to summarize the discussion at our conference yesterday.

My understanding of the facts is that, though there was a transfer of real estate from Trust B of the Albert Widtfeldt Living Trust – in which Geneva Widtfeldt has a life estate – to the James Widtfeldt Trust on April 16, 1998, Geneva Widtfeldt continues to receive the income from the property and it is intended by both her and you that she continue to do so for the rest of her life.

If a corrective deed is filed reflecting that she (or Trust B) retained a life estate in the real estate, I will recommend to my Appeals Team Manager – who has settlement authority in this case - that the Government concede this case.

Sincerely,

Arthur C. Welp
Appeals Officer



**Internal Revenue Service**
Appeals Office – Stop 8000
210 Walnut Street, Room 443
Des Moines, IA  50309-2109

Date:  January 16, 2002

James Widtfeldt
P.O. Box 877
Atkinson, NE 68713

**Department of the Treasury**
Small Business/Self-Employed
**Person to Contact:**
Arthur C. Welp
Employee ID Number: 3-26034
 Tel:  515-284-4811
 Fax:  515-284-4828
**Refer Reply to:**
 AP:SB:DES:ACW
**In Re:**
 Gusteva E. Widtfeldt
**Tax Period(s) Ended:**
 December 31, 1998

Dear Mr. Widtfeldt:

I have received the above case for Appeals consideration.  I will write or call you to schedule a conference.

Since statutory interest is accruing as required by law, we as a courtesy inform taxpayers that at any time you may stop the running of interest on part or all of the proposed deficiency by making an advance payment of tax or posting a cash bond.  If you are interested in making a payment, or if you have any questions, please call me at the above phone number.

Sincerely,

*Arthur C. Welp*

Arthur C. Welp
Appeals Officer

| | |
|---|---|
| **Internal Revenue Service**<br>General Appeals<br>Appeals Office<br>IRS - Des Moines Appeals<br>210 Walnut St STOP 8000 DSM<br>Des Moines, IA 50309 | **Department of the Treasury**<br><br>**Person to Contact:**<br>Arthur C. WELP<br>Employee ID Number: 3-26034<br>Tel: 515-284-4811<br>Fax: 515-284-4828<br>**Refer Reply to:**<br>AP:GEN:DES:ACW |

Date: MAY - 5 2002

Gusteva E. Widtfeldt
Box 655
O'Neill, NE 68763-0655

**In Re:**
Gift
**Tax Period(s) Ended:**
12/1998

Dear Ms. Widtfeldt:

The agreement we reached has been approved and we will complete our processing of your case.

Since there is no deficiency or overassessment, you do not need to take any further action.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

*Arthur C. Welp*

Arthur C. WELP
APPEALS OFFICER

cc: James Widfeldt

Letter 913 (Rev. 5/1994)