IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT, ) | |
| ) | |
| Plaintiff, ) | 8:12CV306 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, INTERNAL ) | MEMORANDUM OPINION |
| REVENUE SERVICE, ARTHUR WELP, ) | |
| IRS APPEALS AGENT, SUCCESSOR ) | |
| IRS AGENT TO ARTHUR WELP, and ) | |
| UNITED STATES TREASURY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' Motion to Dismiss (Filing No. 23) and Motion to Strike (Filing No. 27). For the reasons set forth below, the Court will grant the Motion to Dismiss and deny the Motion to Strike as moot.

**BACKGROUND**

On August 28, 2012, plaintiff filed a complaint alleging that he and Internal Revenue Service ("IRS") Appeals Agent Arthur Welp settled a tax dispute in approximately 2002, but the IRS and the United States Treasury have refused to honor the settlement. (*See generally* Filing No. 1.) Plaintiff also alleges that the IRS has concealed documents related to the settlement. (*See id.* at CM/ECF pp. 1-2.) Plaintiff seeks an order requiring defendants, and any other agents who might be aware of the settlement, to produce all records of the settlement. (*Id.* at CM/ECF pp. 3-4.) He also seeks an order

directing the IRS "to appoint a successor to Appeals Agent Arthur Welp," who has retired from the IRS. (*Id.* at CM/ECF p. 4.)

Plaintiff's cause of action is based on the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (*Id.* at CM/ECF p. 1.) On November 29, 2012, defendants moved to dismiss the action "because Plaintiff has not exhausted his administrative remedies by filing a FOIA claim with the agency." (Filing No. 25 at CM/ECF p. 1.) In support of the Motion to Dismiss, defendants submitted a declaration signed by Franklin Weber, who has served as "a Program Analyst in the Disclosure Office Headquarters of the Internal Revenue Service" since August 2003 (Filing No. 24-1). Weber states that, as a Program Analyst, he has "access to the IRS's Automated Freedom of Information Act System (AFOIA), which is the inventory control and case management system that the IRS uses to track and process requests for agency records under the FOIA" and other statutes. (*Id.*) On September 11, 2012, Weber used the AFOIA system to determine whether plaintiff had submitted a FOIA request to the IRS Disclosure Office. He found "no record that James Widtfeldt has ever submitted a FOIA request to the IRS." (*Id.*)

On February 7, 2013, plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss (Filing No. 26). On February 19, 2013, defendants moved for an order striking

-2-

plaintiff's Brief because it was untimely under Nebraska Civil Rule 7.1(b)(1)(B) (Filing No. 27).

## ANALYSIS

### I. Defendants' Motion to Strike

Defendants correctly argue that plaintiff's response to defendants' Motion to Dismiss was untimely.  However, the Court has carefully reviewed plaintiff's Brief and finds that it need not be stricken.  As explained below, none of the arguments set forth in the Brief are sufficient to overcome the complaint's deficiencies.  Therefore, defendants' Motion to Strike (Filing No. 27) will be denied as moot.

### II. Defendants' Motion to Dismiss

Defendants argue that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction over the action (Filing No. 23).  In the alternative, they submit that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted.  (*Id.*)

#### A. Standard of Review

##### 1. Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of a plaintiff's

-3-

jurisdictional allegations. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In a facial attack, the standard of review is the same standard that applies to motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6). That is, a court must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and must determine whether the plaintiff has asserted "facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley*, 509 F.3d at 521. In contrast, "[w]hen a district court engages in a factual review, it inquires into and resolves factual disputes." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002). Under these circumstances, the plaintiff is not entitled to the benefit of the assumption that his factual allegations are true, and "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 & n.1 (8th Cir. 1993).

   In this case, defendants submitted evidence outside the pleadings for the Court's consideration (*see generally* Filing No. 24), but this evidence does not challenge the truthfulness of

plaintiff's factual allegations. Instead, the evidence has been offered to establish that plaintiff never submitted a FOIA request to the IRS. Insofar as defendants' Motion to Dismiss is based on Rule 12(b)(1), the evidence submitted by defendants will be considered.

        2.     Rule 12(b)(6)

As noted above, in order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Also, although a court must accept as true all factual allegations when analyzing a Rule 12(b)(6) motion, it is not bound to accept as true legal conclusions that have been framed as factual allegations. *See id.* ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

**B.    Exhaustion of Remedies**

Defendants argue that the complaint must be dismissed because plaintiff failed to exhaust his administrative remedies (Filing No. 25). The Court agrees.

FOIA grants "any person" a right to request records held by a federal agency. 5 U.S.C. § 552(a)(3)(A). "No reason need be given for a FOIA request, and unless the requested materials fall within one of the Act's enumerated exemptions, the agency must make the records promptly available to the requester." *Taylor v. Sturgell*, 553 U.S. 880, 885 (2008) (citations and quotation marks omitted). "If an agency refuses to furnish the requested records, the requester may file suit in federal court and obtain an injunction 'order[ing] the production of any agency records improperly withheld.'" *Id.* (quoting 5 U.S.C. § 552(a)(4)(B)). It is well settled, however, that before bringing such a suit, a person must first exhaust his administrative remedies. *E.g.*, *Elnashar v. United States Dep't of Justice*, 446 F.2d 792, 796 (8th Cir. 2006); *Brumley v. United States Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985) (per curium) (citing, *inter alia*, *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979)); *Lilienthal v. Parks*, 574 F. Supp. 14, 16-17 (E.D. Ark. 1983) (quoting *Hedley*, 594 F.2d at 1044).

FOIA contemplates that agencies will create and publish procedures that individuals must follow in order to obtain the

records in the agencies' possession.  *See* 5 U.S.C. § 552(a)(1), (4).  The IRS's regulations governing FOIA requests are published at 26 C.F.R. § 601.702.  Subsection (c)(4)(i) states, "[r]equesters are advised that only requests for records which fully comply with the requirements of this section can be processed in accordance with this section."  It adds, among other things, that an initial request for records must "[b]e made in writing and signed by the individual making the request," "[s]tate that it is made pursuant to [FOIA]," and "[b]e addressed to and mailed to the office of the IRS official who is responsible for the control of the records requested."  26 C.F.R. § 601.72(c)(4)(i).

   The complaint does not allege that plaintiff submitted to the IRS a FOIA request that complies with the aforementioned requirements.  Moreover, defendants have submitted evidence showing that plaintiff has never submitted such a request.  (*See generally* Filing No. 24-1.)  Thus, plaintiff has failed to exhaust his administrative remedies under FOIA before filing his complaint.

   Circuits are split on the question of whether a failure to exhaust administrative remedies constitutes a true jurisdictional bar to FOIA claims or merely provides prudential grounds for declining to exercise judicial review.  *See, e.g., Hull v. Internal Revenue Serv., United States Dep't of Treasury,*

-7-

656 F.3d 1174, 1181-82 (10th Cir. 2011) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (holding that the exhaustion requirement is not jurisdictional); *Taylor v. Appleton*, 30 F.3d 1365, 1367 n.3 (11th Cir. 1994) (same); *McDonnell v. United States*, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993) (same); *Matter of Lawrence*, 4 F.3d 996, 1993 WL 360952, at *2 n.3 (7th Cir. 1993) (unpublished table decision) (same); *In re Steele*, 799 F.3d 461, 466 (9th Cir. 1986) (holding that a failure to exhaust deprives the court of jurisdiction); *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (same)).

While the Eighth Circuit has not squarely addressed this question, courts in the Eighth Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction over the complaint. *See*, *e.g.*, *Giaimo v. Internal Revenue Serv.*, No. 4:94CV2463, 1996 WL 249362, at *2 (E.D. Mo. Feb. 23, 1996) (holding that because the plaintiffs failed to exhaust their administrative remedies under FOIA, the court lacked subject matter jurisdiction over the action); *Lilienthal v. Parks*, 574 F. Supp. 14, 16-18 (E.D. Ark. 1983) (same).

Assuming for the sake of argument that a failure to exhaust administrative remedies under FOIA does not operate as a jurisdictional bar, it is nevertheless well-established that such a failure may preclude judicial review of a FOIA action.

-8-

*Elnashar*, 446 F.2d at 796; *Brumley*, 767 F.2d at 445. *See also Hull*, 656 F.3d at 1183 (explaining that although a failure to exhaust does not represent "a jurisdictional hurdle," it is a "prudential doctrine" that may preclude judicial review). Indeed, "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Hidalgo*, 344 F.3d at 1259. Moreover, allowing plaintiff to circumvent the IRS's regulations concerning FOIA requests would undercut the purposes of exhaustion by causing premature interference with the agency's process for resolving FOIA requests, depriving the Court of the benefit of the agency's experience and expertise in resolving requests for its records, and frustrating the compilation of a record adequate for judicial review. In short, the FOIA's administrative structure and the purposes of the exhaustion requirement weigh strongly in favor of treating a failure to exhaust as a bar to judicial review. Therefore, even if dismissal were not appropriate under Rule 12(b)(1), and even if the Court disregards the index of evidence submitted along with its Motion to Dismiss, the complaint would be subject to dismissal under Rule 12(b)(6) because plaintiff failed to allege that he exhausted his administrative remedies under FOIA.

In opposition to defendants' Motion to Dismiss, plaintiff argues that because he has subpoenaed defendants for the documents he seeks, both in the instant case and in "US Tax

-9-

Court case 15907-10," defendants cannot reasonably claim that he has failed to make a proper request for the records under FOIA (Filing No. 26 at CM/ECF p. 3-4).  See also id. at 4-7, 9-10, 12.)

In *Coolman v. Internal Revenue Serv.*, 1999 WL 675319, at \*5 (W.D. Mo. July 12, 1999), the Court concluded that "the purposes underlying the exhaustion requirement" had been satisfied because after the plaintiff filed his FOIA suit, the "defendant obtained a photocopy of his June 13 [FOIA] request and since that time has completely processed the request."  Thus, the defendant was "afforded an adequate opportunity to conduct a search for documents and establish the appropriate FOIA exemptions to the documents requested by plaintiff."  *Id.*  However, unlike *Coolman*, here there is no evidence suggesting that plaintiff provided the IRS with a proper FOIA request at any time, either during the course of this case or a previous one. Furthermore, the Court is not persuaded that unsuccessful attempts to obtain documents via subpoena are adequate to satisfy the purposes underlying the exhaustion requirement in FOIA cases.

Plaintiff also implies that he should not be bound by the IRS's FOIA procedures because they are "hidden by and known only to the IRS."  (Filing No. 26 at CM/ECF p. 6.)  This argument is without merit, as the IRS's regulations governing FOIA requests are published at 26 C.F.R. § 601.702.

Finally, plaintiff argues that Franklin Weber's search of the AFOIA system amounts to a sufficient FOIA request on plaintiff's behalf (Filing No. 26 at CM/ECF pp. 9-10).  The Court finds, however, that Weber's search of the AFOIA using plaintiff's name cannot be said to satisfy the requirements of 26 C.F.R. § 601.702, and Weber's declaration is not contradicted by any evidence in the record.  In short, the Court remains persuaded that plaintiff has failed to satisfy the exhaustion requirement, and the complaint should be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of May, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.